UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI MUSAID MUTHANA,

    *Plaintiff*,

v.

PENINAH ONYANGO, and
RICHARD HARBAUGH

    *Defendants*.

_____/

CASE NO. 2:23-CV-11665

DISTRICT JUDGE MARK A GOLDSMITH
MAGISTRATE JUDGE PATRICIA MORRIS

**ORDER GRANTING DEFENDANT ONYANGO'S MOTION TO COMPEL (ECF No. 31) and GRANTING IN PART AND DENYING IN PART DEFENDANT ONYANGO'S MOTION TO EXTEND SCHEDULING ORDER DATES (ECF No. 33)**

Plaintiff filed the instant *pro se* prisoner civil rights complaint on July 12, 2023, asserting that his Eighth Amendment rights were violated by Defendants being deliberately indifferent to his serious medical needs. i.e., coronary artery disease. (ECF No. 1.)

On March 8, 2024, Defendant Onyango filed the instant motion to compel Plaintiff to sign an authorization for release of his Michigan Department of Corrections (MDOC) medical records from January 1, 2022, through the present. (ECF No. 31, PageID.145, Ex. A.) Instead of returning a signed authorization, Plaintiff sent a letter indicating he would not sign the release unless he would receive a

copy of his medical records. (ECF No. 31, PageID.145, Ex. B.) Defendant notes that the medical records are in the possession of the MDOC and that Defendant cannot obtain or access those records without authorization from Plaintiff. (ECF No. 31, PageID.146.)

Plaintiff responds that "I don't have any problem to release my medical records to any one for this case listed above, because MDOC medical record will not show anything because there is no treatment for me and my serious medical condition inside them prison!!" (ECF No. 34, PageID.176.) Plaintiff continues "what I need and what I'am requesting respectfully from this court to issues court order for both me and Defendant Onyango, to release my medical records from Woodland Center Correctional Facility, Health Care…I filed subpoena [] and I don't receive any respond from them…I'am indigent prisoner and I can't pay for the cost of my long medical records[.]" (ECF No. 34, PageID.176.)

Plaintiff has placed his medical history at issue and thus, the medical records are relevant and discoverable. Plaintiff does not contend that the authorizations seek irrelevant or privileged information. Since Plaintiff's lawsuit focuses on the medical attention he was given for his heart condition, he has placed his medical health at issue in the instant case thereby providing cause for Defendant to seek access to Plaintiff's medical records. See, *Schuh v. Clayton*, 2021 WL 4894698, at *2 (E.D. Mich. Oct. 20, 2021); *Equal Employment Opportunity Comm'n v. Proctor*

*Financial, Inc.*, 2020 WL 13729965, at *2 (E.D. Mich. May 19, 2020). Therefore, **Defendant's motion to compel (ECF No. 31) is granted** and Plaintiff must execute and return to Defendant the requested HIPAA compliant authorizations on or before **Friday, April 12, 2024.**

To the extent that Plaintiff is complaining about his subpoenas going unanswered, Plaintiff has not filed a proper motion to compel for the court to consider.

Defendant Onyango also seeks a 90-day extension of all scheduling order deadlines because of the difficulty in procuring Plaintiff's medical records. (ECF No. 33.) Since Defendant Onyango will have the medical records before the present discovery deadline passes, I find the **motion to extend (ECF No. 33) should only be granted in part**, for 45 days. Therefore, the scheduling order will be modified to provide for a **discovery cutoff date** of **June 10, 2024**, and **dispositive motions** must be filed on or before **July 8, 2024**.

IT IS SO ORDERED.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date:  March 27, 2024                              S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge

3