## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALI MUSAID MUTHANA,             Case No. 2:23-cv-11665

      *Plaintiff*,

*v.*                               Mark A. Goldsmith
                                     United States District Judge

PENINAH ONYANGO, and
RICHARD HARBAUGH,         Patricia T. Morris
                                     United States Magistrate Judge

      *Defendants*.

_____/

## ORDER GRANTING DEFENDANT HARBAUGH'S MOTION TO COMPEL (ECF No. 40) IN PART, DENYING PLAINTIFF'S MOTION TO EXTEND (ECF No. 41), DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 42), AND DENYING HARBAUGH' MOTION TO STAY (ECF No. 43) AS MOOT

### I.    Background

Ali Muthana is a prisoner at the Woodland Center Correctional Facility in Livingston County, Michigan. (ECF No. 1, PageID.1). He alleges that Peninah Onyango, a nurse practitioner at the prison, and Richard Harbaugh, the prison's "Health Unit Manager," violated the Eighth Amendment's prohibition of cruel and unusual punishment by inadequately treating his coronary artery disease. (*Id.* at PageID.4–7).

After filing his complaint and serving the Defendants, Muthana sent a document request for his "complete medical records" to Harbaugh. (ECF No. 36, PageID.203–04). Harbaugh objected to the request in its entirety, and Muthana

moved the Court to enter an order compelling Harbaugh to produce his medical records.  (*Id.* at PageID.202, 204).

The Court granted Muthana's motion in part.  (ECF No. 39, PageID.216). Although Harbaugh was not required to give Muthana "copies" of his medical record to keep indefinitely, Harbaugh was ordered to allow Muthana to "inspect his records and document their contents."  (*Id.*)  Apart from instructing Harbaugh to give Muthana a "reasonable opportunity" to inspect his voluminous record, the Court's order afforded Harbaugh discretion to determine the precise manner in which Muthana could inspect his records.  (*Id.*)

A week later, Harbaugh delivered the records to Muthana with instructions that Muthana could "review them for a set amount of time" before "they would need to be returned."  (ECF No. 40, PageID.224).  Harbaugh does not specify how much time he allowed Muthana to all "1,864 pages" of his medical record.  (ECF No. 36, PageID.204; ECF No. 40, PageID.224, 227).  Yet he complains that as of June 10— six days after he delivered Muthana's record—Muthana had indicated that he did not intend to return the documents.  (ECF No. 40, PageID.224, 227).  Harbaugh now moves the Court to order Muthana to return his records.  (*Id.*)

One day before delivering Muthana's medical records, Harbaugh also notified Muthana that he would take his deposition "via zoom" in seven days.  (ECF No. 40-

2, PageID.231–32).[1]  Muthana soon after moved for a protective order, asking the Court to postpone the date of the deposition.  (ECF No. 41, PageID.250–52).  He also moves the Court to order that the deposition occur both in-person at the Woodland Correctional Facility and in the presence of a translator.  (*Id.* at PageID.250–51).  A day before he moved for this protective order, Muthana filed a separate motion for Court to appoint *pro bono* counsel on his behalf.  (ECF No. 42).

Within the same document in which he requests an order compelling the return of Muthana's medical records, Harbaugh separately moves the Court to order that Muthana attend his deposition.  (ECF No. 40, PageID.225–27).  To facilitate Muthana's deposition, Harbaugh asks the Court to extend the deadlines for both conducting Muthana's deposition and filing dispositive motions.  (*Id.* at PageID.227–28).

Onyango moved for summary judgment on July 8, the current deadline for dispositive motions.  (ECF No. 44).  Rather than move for summary judgment, Harbaugh again requested that the Court modify its scheduling order to allow time for Muthana's deposition.  (ECF No. 43).

For the following reasons, the Court (1) **ORDERS** Muthana to return his medical records to Defendant Harbaugh, (2) **DENIES** Muthana's motion for a

---

[1] Harbaugh had already obtained the Court's leave to depose Muthana, as required by Federal Rule of Civil Procedure 30(a)(2)(A)(iii).  (ECF No. 24, PageID.126).

protective order, (3) **DENIES** Muthana's motion to appoint counsel, (4) **EXTENDS** the discovery deadline to August 10, 2024 for the limited purpose of conducting Muthana's deposition, (5) **PERMITS** Harbaugh to serve a new notice of deposition on Muthana, (6) **EXTENDS** the dispositive motion deadline to September 10, 2024, and (7) **DENIES** Harbaugh's July 8 motion to stay **AS MOOT**.

## II.    Analysis

### A.    Medical Records

As explained in the Court's May 28 discovery order, Federal Rule of Civil Procedure 34 only allows parties to "inspect" or "copy" documents in another party's possession. Fed. R. Civ. P. 34(a)(1)(A). Although the responding party may opt to give the requesting party its own copies of a document instead of permitting inspection of the original, the requesting party has no right to demand that the responding party bear the expense of copying. Fed. R. Civ. P. 34(b)(2)(B) & advisory committee's note to the 2015 amendments.

The Court's order required Harbaugh to at least give Muthana an "opportunity" to "inspect" his medical records. (ECF No. 38, PageID.216). And mindful that "prison administration is at best an extraordinarily difficult undertaking," the order allowed Harbaugh and his counsel to work out the precisely how they would allow inspection. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974);

(ECF No. 38, PageID.216).  The order required only that their manner for allowing inspection be "reasonable."  (ECF No. 38, PageID.216).

Defense counsel chose to comply with the order by handing the records over to Muthana "in his cell" for a finite "amount of time" before they would need to be "returned."  (ECF No. 40, PageID.226, 277).  As of today, Muthana has had the documents in his exclusive and uninterrupted possession for over an entire month.  Muthana was never permitted to keep his records indefinitely, and by now he has had a "reasonable" chance to inspect his records and take notes of their contents.

Muthana is thus ordered to immediately return his medical records upon Defense Counsel's request.[2]  He may do so by either (1) handing the documents to Defense Counsel or (2) handing the documents to an MDOC employee designated by Defense Counsel.  Defense Counsel must instruct Muthana on how he is to return the documents.  If Defense Counsel intends for Muthana to hand the documents over to an MDOC employee (or any other state employee), he must first identify for Muthana, by name or title, the employees authorized to collect the records.

---

[2] Harbaugh's motion mentions that defense counsel and the prison elected not to "take any disciplinary actions" against Muthana "for the nonreturn of the record."  They also decided not to "just remove [the records] from" Muthana.  The Court will not opine one whether these actions would have been proper.  Nor will it decide whether the State may unilaterally enforce this order if Muthana continues to withhold the records.  Instead, the Court reminds counsel that ordinarily, violations of discovery orders are enforced by sanctions under Federal Rule of Civil Procedure 37(b).  If Muthana continues to withhold his records, the conservative option for Defense Counsel is to pursue Rule 37(b) sanctions, not to discipline Muthana or take the documents back by force.

### B.    Deposition

Federal Rule of Civil Procedure 30 allows parties to "depose any person" by "oral questions."  Fed. R. Civ. P. 30(a)(1).  To conduct an oral deposition, a party must first give "reasonable written notice" to all other parties.  Fed. R. Civ. P. 30(b)(1).  That "notice must state the time and place of the deposition," the method of recording, and any "materials designated for production" at the deposition.  Fed R. Civ. P. 30(b)(1)–(3).

On occasion, a prospective deponent may oppose the manner of a deposition and wish to avoid the deposition altogether.  Rule 37(d) governs in this situation, and it provides the would-be deponent with few options for recourse.  If the prospective deponent is a party to the case, then "a simple notice is sufficient to compel attendance" at a deposition.  *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010); *see also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002); *Peitzman v. City of Illmo*, 141 F.2d 956, 960 (8th Cir. 1944).  Even if the notice is objectionable, the deponent may not silently flout the deposition.  Fed. R. Civ. P. 37(d)(2) advisory committee's note to 1970 amendment.  Nor, for that matter, may the deponent avoid the deposition by sending written objections to the noticing party.  *Curley v. Customer Connexx LLC*, No. 2:18-cv-00233, 2020 WL 819521, at *2 (D. Nev. Feb. 19, 2020).  The deponent may only

evade a deposition by moving the Court for a protective order.  *Id.*; Fed. R. Civ. P. 37(d)(2).

Because a notice of deposition already compels the recipient's attendance, the Court may, on motion, sanction a party who does not attend its own deposition without moving for a protective order.  Fed. R. Civ. P. 37(d)(1)–(2).  The Court need not first enter an order compelling attendance.  *Id.*[3]

So while Harbaugh asks the Court to "compel[]" Muthana's attendance, that issue is largely beside the point.  (ECF No. 40, PageID.227).  Muthana was already compelled to attend his deposition by Harbaugh's notice.  *See Jules Jordan Video, Inc.*, 617 F.3d at 1158.  Thus, an additional order "compelling" his attendance at the deposition would be superfluous.  A motion to compel—which is brought under Rule 37(a), not Rule 37(d)[4]—is designed to resolve discovery disputes over the "adequacy" of responses or the merit of objections.  7 Moore's Federal Practice–Civil § 37.90 (Matthew Bender 3d ed. 2024).  In these situations, a court order is necessary to establish that the responding party has shirked its discovery obligations, and sanctions may only issue once the responding party has violated a court order.

---

[3] Even if the noticed party moves for a protective order, the Court is not necessarily precluded from imposing sanctions.  *EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 446–47 (6th Cir. 2020) A pending protective order is necessary—not sufficient—to avoid sanctions.  *Id.*; *accord Albert v. Starbucks Coffee Co.*, 213 F. App'x 1, 2 (D.C. Cir. 2007).

[4] *Contra Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) (suggesting that "Rule 37(a) encompasses an order to attend a deposition").

7

*See id.* But when a party eschews its own deposition, no such order is required. Fed. R. Civ. P. 37(d)(1)(A)(i); *cf.* Fed. R. Civ. P. 37(d)(1)(A)(ii). Compelled by the Court or not, the noticed party has already violated an obligation under the Rules of Civil Procedure, and sanctions are immediately available unless the Court enters a protective order on the deponent's motion. *See Evans v. Griffin*, 932 F.3d 1043, 1045–46 (7th Cir. 2019); *Flores v. Entergy Nuclear Operations*, 313 F. Supp. 3d 511, 520–521 (S.D.N.Y. 2018). In effect, the Rules treat a party's nonappearance at its own deposition as though it were a violation of a court order.

The issue, then, is twofold. Should the Court grant Muthana's motion for a protective order modifying the location and manner of his deposition? And if not, what sanctions, if any, should the Court enter against Muthana?

Start with Muthana's motion for a protective order. "[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994). Generally, all nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case" are within the scope of discovery. Fed. R. Civ. P. 26(b)(1).

Muthana objects to the deposition exclusively on the basis that it would be conducted in a burdensome manner that is disproportionate to the needs of the case. A discovery request is disproportionate if "the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound*

8

*Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).  Relevant factors include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

Muthana argues that the format of his deposition is unduly burdensome for two reasons.  First, he asserts that in a different case, he was deposed through a videoconference, but due to technical difficulties, most of the "question[s] and answer[s]" were not recorded and thus were omitted from the "transcript."  (ECF No. 41, PageID.250–51).  He anticipates that he will encounter the same issues if Harbaugh's counsel conducts the deposition remotely.  (*Id.*)

But Harbaugh provides the complete transcript of the deposition Muthana refers to, and apart from a few inaudible statements, none of the examination appears to have been omitted.  (ECF No. 40-4).  There is no reason to suspect that Muthana's deposition in this case will not be fully transcribed.  And even if it is not, Muthana may remedy this issue by reviewing the transcript under Federal Rule of Civil Procedure 30(e).

That issue aside, Muthana also argues that the deposition will be unduly burdensome because he struggles to communicate in English (his second language) and Harbaugh's counsel has not arranged for a translator to allow Muthana to speak

9

in his native language.   (ECF No. 41, PageID.251).  Yet Muthana understates his mastery of the English language.  True, the deposition transcript shows that on occasion, Muthana spoke too quickly for the court reporter to follow his testimony. (*E.g.*, ECF No. 40, PageID.242, 245).   And when asked directly whether he understood all of counsel's questions, Muthana replied that he could have misunderstood some questions.  (*Id.* at PageID.249).  But for most of Muthana's hour-long deposition, he responded to Counsel's questions with detailed, meaningful answers.  (*Id.* at PageID.239–49).   By all indications, Muthana understood the questions he was asked and could articulate comprehensible responses.  (*Id.*)  What is more, Muthana has submitted several written documents to this Court indicating that he is also capable of communicating in written English.  (*See, e.g.*, ECF Nos. 22, 36, 42).  At bottom, Muthana has not shown that his ability to speak or understand English will limit his ability to participate in the deposition.

And even if Muthana struggles to meaningfully communicate in English at the deposition—as unlikely as this seems—this would most likely prejudice Harbaugh more than it would prejudice Muthana.  Accordingly, Harbaugh does not seek to depose Muthana in an unduly burdensome manner, so Muthana's motion for a protective order (ECF No. 41) will be denied.

That raises another issue: how should the parties go forward?   While Muthana's motion for a protective order was pending, the Court's discovery deadline

10

expired. And because the Court declines to enter a protective order, Rule 37(d) allows for sanctions. *See EMW Women's Surgical Ctr.*, 978 F.3d at 447.

Rule 37(d) allows the Court to impose any sanction available for the violation of a discovery order under Rule 37(b), except for treating the violation as "contempt of court." Fed R. Civ. P. 37(d)(3). Subsection (b), in turn, grants courts the power to impose a wide range of sanctions, from simple warnings up to dismissal or default judgment. Fed. R. Civ. P. 37(b)(2)(A). Although Rule 37(b) lists several permissible sanctions, this list is illustrative, not exhaustive. *Jaen v. Coca-Cola Co.*, 157 F.R.D. 146, 149–50 (D.P.R. 1994). In addition to these sanctions, the Court generally "must require" that the party failing to act pay the movant's "reasonable" expenses. Fed. R. Civ. P. 37(d)(3).

Yet as expansive as the Court's discretion may be, it comes with a significant limitation: the Court may only impose sanctions on a party's motion. Fed. R. Civ. P. 37(d)(1)(A). And Harbaugh only asks the Court for three specific remedies: (1) an order compelling Muthana's attendance at his deposition, (2) additional time to conduct the deposition, and (3) an extension of the dispositive motion deadline.[5]

---

[5] Harbaugh's choice not to pursue expenses prevents court from imposing this sanction, even if an award of expenses would otherwise be mandatory. *See* Fed. R. Civ. P. 37(d)(1)(A). And even if the Court could award expenses on its own accord, Rule 37(d)(3) does not allow the Court to impose an "unjust" award of expenses. Because Muthana is indigent, has a limited knowledge of the law, and promptly moved for a protective order after receiving Harbaugh's notice, ordering him to pay the state's expenses would be unjust.

As for Harbaugh's request for an order compelling Muthana to attend his deposition, this is not a "sanction" under Rule 37(d).  As explained above, Muthana was already compelled to attend his deposition, and the Court cannot "recompel" discovery—Rule 37(d) violations and violations of discovery orders are remedied with sanctions.  *See Acosta v. Austin Electric Servs. LLC*, 325 F.R.D. 322, 324–25 (D. Ariz. 2018); *Nozinich v. Johnson & Johnson, Inc.*, No. 09-02105, 2011 WL 13124086, at *2 (W.D. Tenn. Apr. 4, 2011).  Indeed, the list of sanctions adopted by Rule 37(d)(3) do not list compelled discovery as a potential sanction because they assume that the sanctioned party has already violated a "discovery order."  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).  The core purpose of Rule 37(d) is to bypass the initial hurdle of obtaining a court order.  And even if the Court could compel Muthana's attendance, such an order would do little to move discovery forward.[6]  Harbaugh necessarily must serve a new notice of deposition on Muthana to take his deposition, as the date provided in the original notice has already passed, and an order compelling Muthana's appearance would mandate nothing not already required by this notice.

---

[6] Although not permitted as a Rule 37(d) discovery sanction, the Court is arguably empowered to impose sanctions under Federal Rule of Civil Procedure 26(c)(3) as a consequence of denying Muthana's motion for a protective order.  But again, such an order would be superfluous as Harbaugh will need  to serve a new notice of deposition.

On the other hand, Harbaugh's requests to extend the deadlines for deposing Muthana and for filing dispositive motions do fall within the scope of permissible sanctions under Rule 37(d). Indeed, Rule 37(b)(2)(A)(iv) permits the Court to stay proceedings until an "order is obeyed," and the Court has discretion to impose sanctions not explicitly listed in Rule 37. *See also* Fed. R. Civ. P. 16(b)(4) (providing that the Court may modify its scheduling order for good cause). Thus, the Court grants Harbaugh's motion insofar as he request additional time to depose Muthana and move for summary judgment.

### C.   Motion to Appoint Counsel

Muthana's motion for the Court to appoint counsel will also be denied. Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether

13

exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, plaintiffs' prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

Courts may decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

These factors weigh against the appointment of counsel at this time. This case is still in its early stages, and the Court does not find the factual or legal issues to be

14

complex.    As discussed above, Muthana can communicate effectively in both written and spoken English.  His complaint and subsequent filings demonstrate that he can clearly state his claims and articulate his motions.  (*See, e.g.*, ECF Nos 1, 22, 34, 36).  In fact, he has even successfully moved the Court to compel discovery from one of the defendants.  (ECF No. 39).  If Muthana can demonstrate a change in circumstances that would necessitate the assistance of counsel, he may resubmit his request.

## III.    Conclusion

For these reasons, **IT IS ORDERED** that Muthana's motion for appointment of counsel (ECF No. 42) is **DENIED WITHOUT PREJUDICE**, that Defendant Harbaugh's motion to compel (ECF No. 40) is **GRANTED IN PART**, that Muthana's motion for a protective order (ECF No. 41) is **DENIED**, and that Harbaugh's motion to stay (ECF No. 43) is **DENIED AS MOOT**.

Date: July 10, 2024                             S/PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge