UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI MUSAID MUTHANA,

       Plaintiff,                             Case No. 23-cv-11665

v.                                         HON. MARK A. GOLDSMITH

PENINAH ONYANGO et al.,

       Defendant.
_____/

**OPINION & ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S DECEMBER 9, 2024 REPORT AND RECOMMENDATION (Dkt. 62), (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS AS A SANCTION (Dkts. 49, 54), AND (3) DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (Dkts. 44, 54) AS MOOT**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Patricia T. Morris issued on December 9, 2024 (Dkt. 62). In the R&R, the magistrate judge recommends that the Court grant Defendants Peninah Onyango and Richard Harbaugh's motions to dismiss as a sanction for failure to comply with a Court order (Dkts. 49, 54) and deny Defendants' motions for summary judgment (Dkts. 44, 54) as moot.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108

(2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court grants Defendants' motions to dismiss as a sanction for failure to comply with a Court order (Dkts. 49, 54) and deny Defendants' motions for summary judgment (Dkts. 44, 54) as moot.

SO ORDERED.

Dated: January 7, 2025                             s/Mark A. Goldsmith
          Detroit, Michigan                        MARK A. GOLDSMITH
                                                   United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 7, 2025.

                                                   s/D.Peruski
                                                   _____
                                                   Case Manager

2